LEWIN AND SONS, INC. *v.* MILTON J. HERMAN ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued December 9, 1955—decided January 24, 1956

*Raphael Korff,* for the appellant-appellee (plaintiff).

*David R. Lessler,* for the appellant-appellee (named defendant).

*Philip Y. Reinhart* appeared for the defendant Fairfield Lumber and Supply Company.

WYNNE, J. In this action the plaintiff seeks to recover for materials furnished and services rendered in the building of a house for the named defendant. The complaint in the first count sought a recovery on a purported assignment, and in the second, the foreclosure of a mechanic's lien which the plaintiff had filed as a subcontractor under a general contract wherein J. A. Hubler had undertaken to build the house. Hubler became involved in financial difficulties, and the named defendant, in an effort to keep the work going and to finish the construction of the house, assumed charge of the payment of the bills. There ensued a series of claims resulting in legal questions which the trial court resolved into several questions of law decisive of the case. The plaintiff appealed from the judgment, and the named defendant filed a cross appeal.

The basic facts are as follows: On June 11, 1949, the named defendant, Milton J. Herman, contracted with J. A. Hubler as general contractor for the con-

struction of a house upon land owned by Herman. The plaintiff was engaged by Hubler to supply plumbing and heating materials. On October 3, 1949, when the plaintiff first furnished material for the house, Hubler was already indebted to the plaintiff in the approximate sum of $4000 for materials sold to him for other jobs. At the request of the plaintiff, Hubler gave it, in the form of a letter addressed to Herman, a purported assignment of $8500 of the moneys to become due to Hubler under his contract with Herman. Herman refused to sign this purported assignment. The plaintiff delivered on the Herman job materials amounting to $5749.78 and received on account $1000 by Herman's check, which by its terms was payable to both Hubler and the plaintiff. The balance of the plaintiff's bill was $4749.78, and it is this sum for which the plaintiff filed a lien and claims foreclosure. Some of the materials represented by this amount were not used by Hubler in the construction of the Herman house. Of the unpaid balance, $4034.94 was for materials actually used in the construction. When Herman took charge of making payments for materials, he kept Hubler in charge of the construction. The court found, and it cannot be successfully challenged, that Hubler continued as the general contractor.

In this manner the house was finally completed, and Herman retained the last payment due under his contract with Hubler. There were resulting disputes with various subcontractors. Several liens were filed and the lienors were made parties to the suit the plaintiff had instituted. Before trial Herman had composed his difficulties with these lienors and had paid to them a total of $9500, in consideration of which their claims were withdrawn. As the result

of all this, Herman's remaining obligation was to the plaintiff and what might still be due to Hubler, who on September 25, 1950, had been adjudged a bankrupt by the United States District Court for the district of Connecticut.

The trial court found that the plaintiff did not have a valid assignment of moneys due or to become due from Herman to Hubler. It was further found that the plaintiff had a valid lien for $4034.94, which amount did not include interest.

We are called upon to decide whether the plaintiff had a valid assignment from Hubler of moneys in Herman's hands and also whether the court was right in fixing the amount of the lien. The latter question includes two points. The first is whether it was the actual use of materials in the construction of the house and not the mere delivery of materials on the job that fixed the amount of the lien. The second concerns the item of interest which the court did not include in fixing the amount of the lien. Inevitably involved in the determination of the amount of the lien are the questions whether the payments made by Herman when he took charge of the bills were good as against the plaintiff and whether the plaintiff was relegated to its proportionate share with other lienors of whatever was the proper balance remaining due under the contract.

We first take up the question whether the attempted assignment by Hubler to the plaintiff was effective. Hubler had agreed in his contract with Herman that he would not assign any money due or to become due under the contract without Herman's consent. Such a provision is valid. 6 C.J.S. 1128. Herman refused to sign the proffered assignment, and that refusal rendered the assignment abortive.

Next, we take up the question whether the lien should have been fixed for the full amount claimed by the plaintiff. The court found that some of the materials represented by this amount were used elsewhere. The plaintiff claims that the statute, General Statutes § 7217 (as amended, Cum. Sup. 1953, § 2240c) provides that, for the creation of a lien, the materials need only be "furnished" to the job, not necessarily used therein. Such a claim is not tenable. *Chapin* v. *Persse & Brooks Paper Works*, 30 Conn. 461, 473; see also *Marchetti* v. *Sleeper*, 100 Conn. 339, 343, 123 A. 845; note, 39 A.L.R.2d 394, 418.

As to the foreclosure of the plaintiff's lien, Herman claims that, if the contract did remain in force, he had paid out to subcontractors more than the amounts due under it, and therefore nothing was left for the plaintiff. He also claims that he had treated the original contract as broken and had made separate contracts with those who had been subcontractors. The court, however, found that the contract with Hubler actually remained in force. This being so, Herman was not justified in making, on October 21, 1949, a payment which he did make. As was pointed out by the court, the architect's certificate upon which Herman relied set forth that the rough plumbing had been completed. It is not disputed that at this time the boiler had not been installed, and it seems clear to us that the installation of the boiler was an integral part of the rough plumbing and that Herman had no right to rely upon the certificate in making the payment. Being in charge of the progress of the work to the extent he was, he was chargeable with knowledge of what was going on, including the fact that the plaintiff was furnishing materials. Payments made in advance

of the time when they are due under the contract and without notice to the lienor are ineffective as to him in reducing the amount due on the contract. General Statutes § 7220; *City Lumber Co.* v. *Borsuk*, 131 Conn. 640, 643, 41 A.2d 775. As to Herman's claim that the plaintiff was entitled only to its proportionate share with the other lienors, the court found that all of their liens had been abandoned.

As to disallowance of interest on the plaintiff's claim, the court's ruling was sound. It does not appear that there was any wrongful withholding of money due the plaintiff. Whether interest is allowable is not decided by any arbitrary rule but by determining whether justice, under all the circumstances, demands it. *Bernhard* v. *Rochester German Ins. Co.,* 79 Conn. 388, 398, 65 A. 134; *Wells Laundry & Linen Supply Co.* v. *Acme Fast Freight, Inc.,* 138 Conn. 458, 463, 85 A.2d 907.

Many of Herman's assignments of error are not discussed because they were not properly made. Practice Book § 408. The remaining assignments of error have been examined. Neither party would be advantaged in any way by any action upon them. The court's conclusions are supported as hereinbefore pointed out.

There is no error.

In this opinion INGLIS, C. J., BALDWIN and DALY, Js., concurred; O'SULLIVAN, J., concurred in the result.