ROBERT SHEA *v.* THOMAS R. BROWN ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued June 5—decided July 14, 1959

*William E. O'Connor,* with whom was *Joseph Neiman,* for the appellant (plaintiff).

*J. Brooks Johnson, Jr.,* for the appellees (named defendant et al.).

MURPHY, J. On July 26, 1957, Thomas R. Brown and Harry Jackson, hereinafter referred to as the dealers, were engaged in the sale of automobiles in Manchester and had in their possession a used Ford sedan which they were attempting to sell for the

owner. Shortly before noon on that day, one of their salesmen, with the approval of Jackson, permitted a prospective buyer, the defendant Thomas McCrystal, to take the Ford for a road test and to drive it to Rockville to obtain the money with which to pay the agreed purchase price. The car bore the dealers' registration plates. McCrystal did not return with either the money or the car and the latter was reported as stolen to the police. Two days later, on July 28, McCrystal operated the car so negligently and carelessly in East Hartford that it was in collision with, and damaged, the plaintiff's parked automobile. The plaintiff brought suit in the Town Court of East Hartford to recover damages from McCrystal and the dealers. He obtained a judgment against McCrystal but not against the dealers. From the judgment in favor of the dealers he has appealed.

At the time McCrystal obtained possession of the Ford he was eighteen years of age and, although he had been licensed to operate a motor vehicle in this state, his license was under suspension. Jackson made no attempt to ascertain from the salesman whether McCrystal possessed an operator's license or was otherwise qualified to operate a motor vehicle. Upon this rather nebulous claim of negligence, the plaintiff seeks to have the judgment of the trial court reversed. He relies principally upon *Greeley* v. *Cunningham*, 116 Conn. 515, 520, 165 A. 678, where we said that when it is proved "that the owner of an automobile knows or ought reasonably to know that one to whom he intrusts it is so incompetent to operate it upon the highways that the former ought reasonably to anticipate the likelihood of injury to others by reason of that incompetence, . . . a basis of recovery by the person

injured is established." The fact that McCrystal's license had been suspended did not as a matter of law establish that he was an incompetent operator. To have obtained the license in the first place, he had to pass an examination to prove his competency. Rev. 1958, § 14-36. At best, the evidence showed that when he took the car for a trial he did not possess a license to operate on the public highways; there was nothing to show that he lacked the skill, technique or capability necessary for the operation of an automobile. In addition, § 14-60 permits a dealer to loan a motor vehicle or the dealer's plates for not more than five days for the purpose of trial of a motor vehicle.

None of the plaintiff's assignments of error are properly made. Practice Book § 408; *Lewin & Sons, Inc.* v. *Herman,* 143 Conn. 146, 151, 120 A.2d 423. There is no reason why we should discuss them. Without an appendix, the evidence cannot be reviewed. The claims of law advanced in the trial court should have been in writing. Practice Book § 154. When they do not appear in the finding, the only way to have them included is by a motion to correct the record. Practice Book § 423; *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 42, 82 A.2d 152.

There is no error.

In this opinion the other judges concurred.