ALBERT W. HORKEY, Plaintiff, v. CATALINA CORTZ and DIA-
MOND STATE AUTO SALES, INC., a corporation of the
State of Delaware, Defendants.

(*August* 23, 1961.)

LYNCH, J., sitting.

*George C. Hering, III* (of Morris, James, Hitchens and
Williams) for Plaintiff.

*William F. Taylor* (of Morford, Young and Conaway)
for Defendant, Diamond State Auto Sales, Inc.

Superior Court for New Castle County, No. 528, Civil
Action, 1960.

LYNCH, Judge:

The complaint seeks damages for personal injuries grow-
ing out of an automobile accident which occurred on July 27,

1959, when an automobile owned by the corporate defendant and driven by the individual defendant collided with plaintiff's motor vehicle.

Plaintiff, in his complaint, set forth two separate and distinct causes of action. The First Cause of Action alleges that Miss Cortz was the agent, servant or employee of Diamond and that she was acting as such when Diamond's motor vehicle, driven by Miss Cortz, collided with plaintiff's motor vehicle. The Second Cause of Action seeks recovery under and is based on Title 21 *Del. C.* § 6102. This cause of action alleges the corporate defendant rented the automobile to Miss Cortz and its liability is measured by the terms of the cited statute. A third cause of action based upon common law negligence in that defendant, Diamond, gave Miss Cortz a mechanically defective vehicle, which defect was the proximate cause of the accident, has been added to the complaint but it is not now before this Court on the motion for summary judgment.

From the discovery proceedings and affidavits before the Court it appears that the defendant, Miss Cortz, approached defendant, Diamond State Auto Sales, Inc., a dealer in new and used cars, about Saturday, July 25, 1959, for the purpose of "looking at" and, possibly purchasing a new car. She decided upon the purchase of a new 1959 Oldsmobile Convertible by placing $100 on deposit toward the purchase price. The particular car she desired was not ready for her to drive off the showroom floor. She was told she could pick it up in two days. She was then given custody of another car until the car she wanted was ready for delivery. She proceeded, with the Diamond car in her custody, to her home in Chestertown, Maryland. On the following Monday morning—on her return to Wilmington—Miss Cortz ran into Horkey's car at the intersection of Route 896 with Route 71 just outside of Middletown, Delaware, causing the damages complained of.

Defendant, Diamond, through its President, Harry Landes, by affidavit dated May 17, 1960, denied any agency or scope of employment at the time of the accident. By still another affidavit of Harry Landes, dated July 13, 1960, it was denied that any rent or charge of any nature was made for Miss Cortz's use of the automobile she was driving at the time of the accident.

Miss Cortz filed an affidavit, on the eve of oral argument, through the plaintiff's attorney, substantiating the Landes' affidavit and stating the circumstances of how she was given use of the car. She went further to state that she didn't have sufficient money for the down payment and that Diamond State required a co-signer on the papers she was to use to finance the purchase. The concluding paragraphs of her affidavit recite (1) that Diamond State knew she had to go to Chestertown, Maryland to get the rest of the down payment and to get the co-signer's signature on the finance agreement and (2) Diamond State gave her "the use of one of its cars" so that she could do these things, thus enabling her to complete the purchase of the car.

Plaintiff, in opposition to the motion for judgment, argued on the basis of Miss Cortz's affidavit (1) that she was an agent for Diamond State and (2) that Diamond State rented the car to her and consequently there was liability on its part because of Title 21 *Del. C.* § 6102.

From the record before me I find and conclude Diamond State loaned one of its cars to Miss Cortz for the enumerated purposes and that this (1) created a bailment; (2) that there was no agency as between Diamond State and Miss Cortz; and (3) that there was no rental by Diamond State of the car Miss Cortz was driving when she collided with plaintiff's car.

The record is devoid of any facts upon which to predicate an agency relationship. Diamond State's permitting Miss

Cortz to use the car to go to Chestertown for the purposes heretofore stated did not amount to a rental of the vehicle, since there was no showing whatsoever that Diamond State was in the business of renting automobiles for hire, thus bringing the provisions of Title 21 *Del. C.* § 6102 into play.

Miss Cortz in fact was a prospective purchaser of an automobile that Diamond State wanted to sell. Diamond State aided her in her desire to become a purchaser by giving her use of one of its cars for the purposes mentioned. The cases treat a prospective purchaser of an automobile as a bailee from the seller, the bailor. 60 *C. J. S.* Motor Vehicles § 439, p. 1110; *Shea v. Brown,* 146 *Conn.* 631, 153 *A.* 2d 419; *Gathright v. Carl Markley Motor Co., Tex. Civ. App.* 1940, 146 *S. W.* 2d 307; *Nelson v. Fruehauf Trailer Co.,* 1952, 20 *N. J. Super.* 198, 89 *A.* 2d 445; *Lancaster v. Jordan Auto Co.,* 5 *Cir.,* 1941, 121 *F.* 2d 912; and *Miller v. Hand Ford Sales, Inc.,* 1959, 216 *Or.* 567, 340 *P.* 2d 181.

The burden was on the parties to this action to produce evidence sufficient to create a genuine issue of fact; parties cannot rely on general allegations in the pleadings; and there is no evidence of a genuine issue of any material fact; a legal question only is presented. This principle of law is so well established in this jurisdiction it is unnecessary to cite cases. Since there is no genuine issue of a material fact, I find on the issues noted above in favor of Diamond State Auto Sales, Inc.

Then, too, it is clear that negligence of a bailee in the operation of a motor vehicle is not imputed to the bailor. 60 *C. J. S. Motor Vehicles* § 439, p. 1108; and *Cerchio v. Mullins,* 1922, 3 *W. W. Harr.* 245, 251, 138 *A.* 277, 280.

For these reasons, I sustain the motion for summary judgment. An order may be submitted granting judgment in favor of defendant, Diamond State Auto Sales, Inc., as to the First and Second Causes of Action pleaded in the complaint.