[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this application for discharge of mechanic's liens filed by the defendants Koplar Mechanical Systems, Inc. (Koplar), and M.G.A. Electric, Inc. (MGA) on property of Westfarms Associates (Westfarms).
Tandy is a Delaware corporation with its headquarters in Texas. It does business as the Bombay Company, a retail outlet chain with stores in malls across the country. Plaintiff (hereinafter Tandy) does not own the liened property but is a tenant under a lease from Westfarms in a portion of it. That lease was effective before November 8, 1989. CT Page 3009
On or about November 8, 1989, Tandy entered into a contract with Catalyst, Inc. (Catalyst), a general contractor located in Belleville, Michigan for the construction of a Bombay Company store for Tandy at Westfarms.
Under that contract, Tandy paid Catalyst $87,832.75. This amount represented the full amount of the adjusted price for that contract of $97,591.75, less ten percent (10%) retainage of $9,759.00.
Tandy made these payments in good faith without notice that any subcontractors were not being paid by Catalyst.
Since the date of the final application and certificate for payment from Catalyst on March 16, 1990, additional change orders in the amount of $3,520.00 were performed. Tandy has not paid for those change orders.
Koplar is a Connecticut corporation and on or about February 12, 1990, it entered into a contract with Catalyst for the performance of certain work at the space leased from Westfarms by Tandy and located at a mall. The court has not been given any evidence as to the term of the lease. Both Koplar and Catalyst performed work and provided materials pursuant to the contract and completed all of the contracted for work on or about April 23, 1990.
The amount due under the contract for Koplar's work at the Mall, including change orders, is $9,850.00.
Under the lease between Tandy and Westfarms, Tandy must remove liens placed upon Westfarms' property. Therefore, Tandy is an "interested party" pursuant to Section 49-33, et seq. of the Connecticut General Statutes.
Koplar has been paid nothing on its contract.
On July 17, 1990, Koplar, to secure the balance due it of $9,850.00, filed Notices of Intent to Claim a Lien and Certificate of Mechanic's Liens in the appropriate town clerk's offices.
On July 20, 1990, and on August 8, 1990, Koplar caused to be served upon the owners, lessees, and contractors true and attested certified copies of Subcontractor's Notice of Intent and Subcontractor's Certificate of Mechanic's Liens.
MGA is a Connecticut corporation. CT Page 3010
On or about February 9, 1990, MGA entered into a contract with Catalyst for the performance of electrical work at space leased from Westfarms by Tandy.
Under that contract, MGA performed electrical services and completed the work on March 15, 1990. The total amount due is $14,007.00.
MGA has been paid nothing on the contract.
On June 13, 1990, MGA, to secure the balance of $12,150.00 due it, filed a Mechanic's Lien with the Farmington Town Clerk's office.
On June 13, 1990, MGA caused to be served upon the owner of the real estate, Westfarms, a written notice that it had commenced to furnish labor and materials for the performance of the work required by it pursuant to its contract with Catalyst, and intended to claim a lien upon said premises for the value thereof by depositing in the United States mail, postage paid and registered, a true and attested copy of such notice and of the mechanic's lien, addressed to West Farms Associates at P.O. Box 200, Bloomfield, MI 48099, the originals of which were returned to MGA on June 25, 1990.
On June 18, 1990, MGA caused to be served upon Catalyst a written notice that it had commenced to furnish labor and materials for the performance of the work required by it pursuant to its contract with Catalyst, and intended to claim a lien upon said premises for the value thereof by depositing in the United States mail, postage paid and registered, a true and attested copy of such notice, addressed to Catalyst at 43454 N. I-94 Service Drive, Belleville, MI 48111, the original of which was returned to MGA on June 25, 1990.
On June 13, 1990, MGA, to secure the balance of $1,857.00 due to it for the work done, filed another Mechanic's Lien in the West Hartford Town Clerk's office.
On June 13, 1990, MGA caused to be served upon the owner of the real estate, Westfarms, a written notice that it had commenced to furnish labor and materials for the performance of the work required by it pursuant to its contract with Catalyst, and intended to claim a lien upon said premises for the value thereof by depositing in the United States mail, postage paid and registered, a true and attested copy of such notice and of the mechanic's lien, addressed to West Farms Associates at P.O. Box 200, Bloomfield, MI 48099, the originals of which were returned to MGA on June 25, 1990. CT Page 3011
On June 18, 1990, MGA caused to be served upon Catalyst, a written notice that it had commenced to furnish labor and materials for the performance of the work required by it pursuant to its contract with Catalyst, and intended to claim a lien upon said premises for the value thereof by depositing in the United States mail, postage paid and registered, a true and attested copy of such notice, addressed to the contractor, Catalyst, at 43454 N. I-94 Service Drive, Belleville, MI 48111, the original of which was returned to MGA on June 25, 1990.
On or about July 12, 1990, Tandy was informed by Catalyst that Catalyst went out of business and that a number of subcontractors on the Westfarms job were unpaid.
On August 24, 1990, Tandy received notice from NBD bank, N.A. of Detroit, Michigan claiming a lien on any proceeds owed by Tandy to Catalyst.
Tandy has never owned the real estate liened by MGA and Koplar nor was it in any way the agent for the owner of that real estate. The court cannot find that Tandy was acting for the owner of the land or building.
LAW
In spite of this abundance of facts the issue in regard to all the liens is simply whether or not a mechanic's lien filed on real property of a landlord for debt due for work done or a tenant is valid against the landlord. Of course, in our case the question first breaks down into whether or not there was consent by the landlord for the work to be done and, if so, was it actual or constructive consent?
The court on the record before it can find no actual consent by Westfarms for the work done on its property by either MGA or Koplar. Cf. Lewin Sons, Inc. v. Herman,143 Conn. 146, 150.
Everyone agrees that there was a lease from Westfarms to Tandy but the court does not know if it is a ninety-nine year lease[1], a five-year lease, or a thirteen-month lease. Nor is there evidence in regard to possible extensions or renewals. The court does have pages 14 and 15 of the lease, but not the "attached rider for inserts" referred to on each of those two pages.
Section 10.02 of the lease requires that, "Tenant shall remodel the leased premises as required in Exhibit `B'." We do not know what interior improvements the landlord might be required to make "under Articles . . . II[2] and XVIII" of the CT Page 3012 lease. Article X of "Exhibit `A'." We do know some things it is not required to do.
Tenant is required to "remodel the leased premises as required in Exhibit `B'." We do not have any evidence that the Exhibit B attached to the amended offer of proof of November 15, 1990 is the same as the Exhibit B referred to in our Exhibit A.
The court cannot on the record before it find constructive notice.
Even if the court were to find notice to Westfarms, that does not elevate Westfarms' position to one of a consenting owner under our mechanic's lien statutes. C.G.S. 49-33
et seq. Lyon v. Champion, 62 Conn. 75, 77-78. The mechanic's liens are dissolved.
N. O'NEILL, J.