[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR DISCHARGE OF MECHANIC'S LIEN
The applicants, Jorge and Regina Duran of 9 Wind Swept Hill Road, purchased kitchen cabinets from the respondent Kitchen 
Bath Showcase, LLC, d/b/a Quinlan's.
The amount of the contract was $13,000.00. A deposit of $6500 was given to Quinlan's. Upon delivery, the Durans were not satisfied with the quality of the cabinets. Up to four out of a total of thirty of the cabinets were installed before work was stopped by the Durans. Upon the Durans' refusal to pay the balance due, Quinlan's placed a mechanics lien on their property.
Connecticut case law reflects ". . . a distinction between services and materials that have directly shaped the liened property and those that have not." Thompson Peck. Inc. v.Division Drywall. Inc., 241 Conn. 370, 376 (1997) (citation omitted).
 . . . to be the subject of a mechanic's lien, the materials for which a lien has been claimed must not merely have been furnished for, or delivered to the site of, the particular building or improvement, but must actually also have been used in its construction. Lewin Sons, Inc. v. Herman, supra, 143 Conn. 150 (where some plumbing materials represented by mechanic's lien were used elsewhere, plumber not entitled to full amount claimed by lien). The rationale for this rule is that it is equitable to grant a lien against property that has increased in value by virtue of the use of materials and, conversely, that it is not equitable to burden the property with a lien to secure the price of materials that never entered the construction. Similarly, we CT Page 107 have construed the meaning of "services" to be confined to services that are of a mechanical nature or to those services related to the construction of a building or skilled workmen using tools, machinery and other equipment to improve the land. See Nickel Mine Brook Associates v. Joseph E. Sakal, P.C., supra, 217 Conn. 367.
Id. 378-9 (emphasis added).
A claim that materials need only be furnished and not used has been held not tenable, Lewin Sons, Inc. v. Herman,143 Conn. 146, 150 (1956). See also Stone v. Rosenfield,141 Conn. 188, 192 (1954).
Finally, the court notes that the 1974 amendment to the statute did not concern the issue raised herein. Thus, reported cases prior to that date are still applicable. See Nickel MineBrook Associates v. Joseph E. Sakal, P.C., 217 Conn. 361, 366
(1991).
For the foregoing reasons, the lien is discharged.
Dunnell, J.