[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Babar Shah, acting as guardian and next friend of his son, Salman Shah, seeks a prejudgment remedy in this case in the amount of $150,000.00. The July 20, 1999 complaint in this case alleges that on May 12, 1999, the defendant, Michael J. Brooks, was operating a 1987 Honda in a parking lot in East Hartford when he backed the car into seven-year old Salman, resulting in severe injuries to Salman, including injuries to his left femur. At the time of the incident, the car was owned by defendant Douglas Wirth.
The application for prejudgment remedy is sought in connection with count two of the complaint only against the car's owner, Mr. Wirth, on the theory that Mr. Wirth negligently entrusted the motor vehicle to Mr. Brooks. A hearing was held in connection with the prejudgment remedy application on September 7, 1999. Briefs have subsequently been submitted. In light of the fact that plaintiff is seeking a prejudgment remedy against Mr. Wirth only, and not the driver, Mr. Brooks, on a negligent entrustment theory, the analysis in this memorandum will be limited to the facts which relate to the negligent entrustment claim being asserted, and not the underlying circumstances of this unfortunate accident. CT Page 13268
At the hearing, Mr. Brooks testified that he had borrowed the car from Mr. Wirth, a friend, because the transmission "blew" on his own car. Mr. Brooks testified that he was properly licensed to drive on the date of the incident, having received his license in 1989, at age 16. He testified that in the past, his license had been suspended due to the failure to pay a ticket after he had "rolled through a stop sign." In 1995, he stated, he had gotten a speeding ticket. Approximately four years prior to the incident, he said, he had "totalled" his car in a one-car accident after sliding on ice. Mr. Brooks also testified to the fact that he has cerebral palsy. He stated that this does not affect his ability to drive and that he has no problem using his right arm. The last time he took a driving test was in 1989. He stated that the cerebral palsy, which is controlled by medication, does not get worse over time.
Douglas Wirth testified that he has known Mr. Brooks for 5 or 6 years. Mr. Brooks had asked to borrow the car to visit his grandfather in the hospital. Mr. Wirth testified that he did not view Mr. Brooks' disability as a problem; that he knew Mr. Brooks had a driver's license and had seen the license; that he had been a passenger in the car on an occasion when Mr. Brooks drove the Honda for 15 miles and observed him to be a competent driver; that he had been a passenger in another vehicle which Mr. Brooks had driven on another prior occasion; and that he knew of the one weather-related accident Mr. Brooks had been involved in. Mr. Wirth said that he had observed Mr. Brook's difficulty with his right arm, but that he considered Mr. Brooks to be a "good driver." Mr. Wirth stated that he did not inquire into the totality of Mr. Brook's driving history, particularly any history of violations.
Applicable Legal Principles
The party seeking a prejudgment remedy must demonstrate that there is probable cause that a judgment will be rendered in favor of the plaintiff. Connecticut General Statutes § 52-278 (c). Probable cause is not as demanding a standard as proof by a fair preponderance of the evidence. It has been defined as "a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Ledgebrook Condominium Association, Inc. v. LuskCorporation, 172 Conn. 577, 84 (1977), citing Wall v. Toomey, CT Page 1326952 Conn. 35, 36 (1984).
Our Supreme Court discussed the essential elements of the common law tort of negligent entrustment in Greeley v.Cunningham, 116 Conn. 515, 520 (1933), when it stated:
 When the evidence proves that the owner of an automobile knows or ought reasonably to know that one to whom he intrusts it is so incompetent to operate it upon the highways that the former ought to reasonably anticipate the likelihood of injury to others by reason of that incompetence, and such incompetence does result in injury, a basis of recovery by the person injured is established.
See also 2 Restatement (Second) Torts Section 390 (1965), which provides as follows:
 One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.
The evidence produced at the prejudgment remedy hearing is not sufficient to support the conclusion that Mr. Wirth knew or ought reasonably to have known that Mr. Brooks was incompetent to operate the Honda. In fact, the unrebutted testimony of Mr. Wirth was that he has ridden with Mr. Brooks and found him to be a competent driver. The fact that Mr. Brooks had totalled his car in an accident on ice does not change this assessment. Neither does the fact that Mr. Wirth made no independent inquiry into Mr. Brooks' driving history. Plaintiff has provided the court with no authority for the proposition that such a duty exists. Moreover, even if he had made such an inquiry, under the circumstances of this case, he would not have discovered information causing him to conclude that Mr. Brooks was not competent to drive. Finally, the fact that Mr. Brooks has cerebral palsy does not render him incompetent to drive in light of the fact that he is licensed by the state. Cf. Shea v. Brown, 146 Conn. 631 (1959). As defendant notes, plaintiff produced no evidence from any physician, or other expert, indicating that Mr. Brooks' disability renders him CT Page 13270 unfit to drive.
For all these reasons, the plaintiffs application is denied.
Douglas S. Lavine Judge, Superior Court