## Saunders Drive-It-Yourself Company v. Walker.

(Decided June 22, 1926.)

Appeal from Jefferson Circuit Court
(Common Pleas, Third Division).

1. Automobiles.—That driver of rented automobile, who ran into another car, declined to give his name, held immaterial in action by owner of damaged car against hirer.

2.  Evidence.—Statement by driver of rented automobile, immediately after accident and before he telephoned for help, that collision was all his fault, held admissible in action by owner of damaged car against hirer, since time for reflection had elapsed.

3.  Evidence—Statement by Driver of Rented Automobile, Who Ran Into Another Car, Made After They had Telephoned for Help and When Hirer's Superintendent was Not Present, Held Inadmissible. —Statement by driver of rented automobile, after collision and after he had telephoned for help and before hirer's superintendent arrived, held inadmissible in action by owner of damaged car against hirer, since time for reflection had elapsed.

4.  Evidence.—Statement by driver of rented automobile, who ran into another car, made after hirer's superintendent arrived, that he had only driven car three times, held competent in action by owner of damaged car against hirer.

5.  Automobiles.—Hirer of automobile is not liable for damage caused by rented car, unless he knows or should know that person hiring it is incompetent to drive it.

6.  Automobiles.—Evidence held insufficient to show that hirer of automobile knew, or should have known, that person hiring it was incompetent to drive it.

WILLIAM M. DUFFY and A. J. BIZOT for appellant.

ALLEN P. DODD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

The Saunders Drive-It-Yourself Company operates a garage in Louisville at which it hires out its automobiles to persons who drive the cars themselves. On May 15, 1923, it hired a car to one Carl Webb, and while Clarence E. Walker was driving home in his automobile in a westerly direction on Oak street, Webb, driving the car which he had hired, was driving eastward, and in passing a truck his car, which was running rapidly, skidded on the wet street and ran into Walker's car, badly damaging it. Walker brought this suit to recover the damages he sustained, and a judgment having been rendered in his favor for $500.00 the Drive-It-Yourself Company appeals.

The first question presented is, was the defendant entitled to a peremptory instruction? The fact that Webb declined to give his name was immaterial, but his statement that it was all his fault, if made immediately after the accident and before they telephoned for help, may properly be admitted, but what passed between them

after they telephoned for help is not competent unless appellant's superintendent was present, for time for reflection had then elapsed. Walker also testified that after the superintendent of the company came Webb said to the superintendent, " 'Mr. Walker wasn't to blame at all, it was my fault entirely.' I said didn't you know you would skid on a street like that going like you were? He said, 'No, this is only the third time I have driven a car.' " This evidence is competent, but it is the only evidence on the subject and is not sufficient to show notice to the company of the incompetency of Webb to run the car when it was hired to him. In 38 C. J., section 71, p. 94, the rule is thus stated:

> "The garage keeper is not liable to a third person who was injured by reason of the negligent operation of the automobile by the hirer, nor is he chargeable with knowledge of the hirer's incompetency."

While there is some conflict of authority on the question the weight of authority supports the text. In Neubrand v. Kraft, 169 Iowa 444, L. R. A. 1915D 691, the rule is thus stated:

> "The motor cycle, the bicycle, the stage coach, the ordinary carriage drawn by horses, all have their possibilities of peril, and there is room for difference of opinion concerning the various degrees of danger to be apprehended therefrom. The great body of those who use the various instrumentalities of travel are persons of ordinary prudence, while the incompetent or negligent is the exception. The fact that here and there a driver carelessly or recklessly converts his vehicle into an engine of injury or destruction to others is not a sufficient reason for requiring the owner of such vehicles for hire to test and ascertain the competency and skill of every customer before instrusting him with the custody of a car."

In Gardiner v. Solomon, L. R. A. 1917F 380, the Supreme Court of Alabama, citing a number of other cases, thus stated the rule:

> "While automobiles are not regarded as inherently dangerous instrumentalities, and the owner thereof is not responsible for the negligent use of

same, except upon the theory of the doctrine of *respondeat superior,* yet there is an exception if he intrusts it to one, though not an agent or servant, who is so incompetent in the handling of same as to convert it into a dangerous instrumentality, and the incompetency is known to the owner when permitting the use of the vehicle.''

A number of other cases sustaining the above are collected in a note in 36 A. L. R., p. 1153-1155. The Florida court took the same view in White v. Holmes, 103 So. 623. Of course this rule must be taken with another rule, and that is that a person is held to know what a person of ordinary prudence, under the facts known to him, would know. The true rule seems, therefore, to be that the owner of the car in such cases is not liable unless he knows, or under the facts known to him in the exercise of ordinary care should know, that the person hiring the car is incompetent to drive it. The evidence here was not sufficient to make out a case against the owner of the car under this rule and the peremptory instruction was improperly refused. To sustain the action on such proof would be to practically make the owner the insurer of the competency of the person to whom the car was hired. It has never been suggested that any such liability is imposed on one who sells a car. The purchaser, however incompetent to operate the car, in no sense represents the vendor in its operation. But the hiring of a car for two hours or for two days is, in substance, a sale of the use of the car for that time, and it is not easy to see why in the absence of a statute a greater liability can be imposed in one case than the other. No other questions are considered.

Judgment reversed and cause remanded for a new trial.