JENNIE GREELEY *vs.* IRENE CUNNINGHAM ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 9th—decided April 18th, 1933.

*William A. Bree,* with whom was *H. Frederick Day,* for the appellant (defendant O'Connor).

*Walter E. Monagan* and *William K. Lawlor,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought this action to recover damages suffered in a collision between an automobile which she was driving and one owned by one of the defendants, O'Connor, and being driven at the time by the other defendant, Miss Cunningham. The complaint alleged negligence on the part of O'Connor in intrusting his car to Miss Cunningham to be driven upon the public highways, when he knew or should have known that she was incompetent and inexperienced, and negligence and recklessness on her part in the operation of the car. The jury returned a verdict in favor of Miss Cunningham but against O'Connor. This verdict he moved to set aside and from the denial of that motion he has appealed.

The plaintiff was proceeding southerly on the main highway from Watertown to Waterbury on the afternoon of a clear sunny day. The highway at the point where the accident occurred had a hardened surface about fourteen feet wide and a shoulder on each side about six feet wide. According to the plaintiff's evidence, she was driving upon the right side of the highway at about thirty miles an hour; the car which Miss Cunningham was driving was following her, and just before the accident turned to its left to attempt to pass, going about forty miles an hour, and without its horn being blown; when the cars were opposite each other, that which Miss Cunningham was driving suddenly swerved to the right and the cars collided. According to the evidence offered by the defendants, the horn upon the car being driven by Miss Cunningham was sounded when she attempted to pass that of the plaintiff; when the cars were about opposite each other and some three feet apart that of the plaintiff increased its speed; thereupon Miss Cunningham again blew her horn. When the car Miss Cunningham was driving was a little past the other, the latter

struck the rear fender of the former; the car Miss Cunningham was driving began to sway or swerve a little and the plaintiff lost control of her car and the two cars came together again. The defendants also offered evidence that at the time of the accident Miss Cunningham was not a licensed driver; that O'Connor had been instructing her for a month or more, taking her out in the car two or three times a week; that on the day of the accident he could not go with her and asked Calvin A. Traver to take her out; that Traver was a licensed driver and O'Connor asked him to take her out because he knew he was a good driver and a good instructor; this was to be the last trip for instruction before Miss Cunningham applied for a license; when the plaintiff's car increased its speed as the defendants' was passing, Miss Cunningham became somewhat excited and asked Traver what to do and he told her to blow her horn; after the car she was driving was struck and began to sway, Traver grasped the wheel in an effort to straighten it out; but the cars came together again.

An automobile, while capable of doing great injury when not properly operated upon the highways, is not an intrinsically dangerous instrumentality to be classed with ferocious animals or high explosives; *Gonchar* v. *Kelson*, 114 Conn. 262, 271, 158 Atl. 545; and liability cannot be imposed upon an owner merely because he intrusts it to another to drive upon the highways. It is, however, coming to be generally held that the owner may be liable for injury resulting from the operation of an automobile he loans to another, when he knows or ought reasonably to know that the one to whom he intrusts it is so incompetent to operate it, by reason of inexperience or other cause, that the owner ought reasonably to anticipate the likelihood that in its operation injury will be done to others.

*Elliott* v. *Harding,* 107 Ohio St. 501, 505, 140 N. E. 338; *Rush* v. *McDonnell,* 214 Ala. 47, 50, 106 So. 175; *Crowell* v. *Duncan,* 145 Va. 489, 134 S. E. 576; *Robertson* v. *Aldridge,* 185 N. C. 292, 116 S. E. 742; *Saunders Drive-It-Yourself Co.* v. *Walker,* 215 Ky. 267, 284 S. W. 1088; *Wilcox* v. *Wunderlich,* 73 Utah, 1, 272 Pac. 207; *Hopkins* v. *Droppers,* 184 Wis. 400, 198 N. W. 738; *Wilson* v. *Brauer,* 97 N. J. L. 482, 484, 117 Atl. 699; *Piquet* v. *Wazelle,* 288 Pa. St. 463, 136 Atl. 787; note, 36 A. L. R. 1148; 68 A. L. R. 1013. We have never had occasion to apply this principle, but it does not differ essentially from that involved in the case of *Burbee* v. *McFarland,* 114 Conn. 56, 59, 157 Atl. 538, where we held that one who sells a dangerous article or instrumentality to a child whom he knows or ought reasonably to know to be unfit because of youth or inexperience to be trusted with it, may be liable for injury resulting from its use; and see also *Walcho* v. *Rosenbluth,* 81 Conn. 358, 364, 71 Atl. 566.

We formerly had a statute which provided that the owner of any horse or other animal, or of any vehicle, who intrusted it to his agent, bailee, servant or employee, for use upon the highways, or rented or loaned such animal or vehicle to an incompetent or inexperienced person for such use, might be liable if the agent, bailee, servant or employee, while in the performance of the owner's business within the scope of his authority, or the incompetent or inexperienced person to whom it was intrusted, caused injury by neglecting to conform to the statutory rules of the road, but further provided that the person injured must elect whether to proceed against the owner under the provisions of the statute or against the person actually causing the injury. General Statutes, Rev. 1918, § 1572. This statute was repealed in 1921. Public Acts of 1919, Chap. 202 § 6; Public Acts of 1921, Chap.

334.. In 1925 a statute was enacted addressed merely to the liability of a person renting or leasing to another a motor vehicle, which, somewhat modified, still is in effect. Public Acts of 1925, Chap. 195, § 21; General Statutes, Rev. 1930, § 1627. In view of the provisions of the repealed statute, somewhat peculiar in themselves and rather drastic as regards the liability of the owner of an animal or vehicle who intrusts it to an inexperienced or incompetent person, without regard to the owner's knowledge of that incompetency or inexperience, we cannot regard its repeal as in derogation of the adoption here of the common-law rule to which we have referred..

When the evidence proves that the owner of an automobile knows or ought reasonably to know that one to whom he intrusts it is so incompetent to operate it upon the highways that the former ought reasonably to anticipate the likelihood of injury to others by reason of that incompetence, and such incompetence does result in such injury, a basis of recovery by the person injured is established. That recovery rests primarily upon the negligence of the owner in intrusting the automobile to the incompetent driver.

In the instant case, if the jury accepted the plaintiff's version of the accident, it is extremely difficult to find any reasonable support for a conclusion that Miss Cunningham was not negligent in the operation of the car which she was driving, and we may fairly assume that they accepted the defendants' evidence as to the way in which the accident came about. If that is so, it is equally difficult to find support for a conclusion that the plaintiff was free from contributory negligence, and if that is so, she was of course not entitled to recover; moreover, it is hard to see how a conclusion could be reasonably reached that Miss Cun-

ningham was negligent or, if she was incompetent to operate the car, how that incompetence was a proximate cause of the accident.

We do not, however, have to rest upon such grounds our decision that the verdict against the defendant O'Connor cannot be sustained. While Miss Cunningham had not received a license to operate an automobile, she had been under instruction for a considerable period and had reached a state of experience and competence which was deemed sufficient, after the final trip, to justify application for an operator's license. She was accompanied by a licensed driver who, upon the undisputed evidence, was not only a good driver but a good instructor. The statutes provide that an unlicensed person over sixteen years of age, who has not had a license issued to him suspended or revoked, may operate a motor vehicle upon the highways while under the instruction of and accompanied by a licensed operator, who shall have full control of the vehicle. General Statutes, § 1569(a). No claim is made that Miss Cunningham's operation of the car at the time of the accident did not fall within this provision of the statute. The statute amounts to a legislative affirmance that an unlicensed person operating an automobile under the conditions specified in the statute, is not to be deemed so incompetent that the general safety of the public requires that he be kept off the highways. In such a situation, certainly, something more would be required to fix liability upon the owner for resulting injury than mere proof that the operator was unlicensed and inexperienced. At most this is all that appears in this case. The trial court was in error in not setting aside the verdict as against the defendant O'Connor.

Whether Traver was negligent in seizing the wheel as he did, or in any other way, is of no moment, be-

cause the complaint contains no allegations which would support a recovery by the plaintiff upon such a ground.

There is error, and the cause is remanded with direction to set the verdict aside as to the defendant O'Connor.

In this opinion the other judges concurred.