[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant Robert J. Sebas has moved for summary judgment against the plaintiffs on the third count of the complaint which claims that Robert J. Sebas negligently entrusted Robert S. Sebas with the motor vehicle involved in the accident which injured the minor plaintiffs. A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority,213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11.
It is undisputed that Robert S. Sebas was the driver of the vehicle involved in the accident. In addition, evidence produced on the motion for summary judgment shows that the vehicle was owned by Robert Sebas Co. and that it is a partnership. Robert J. Sebas has a 51% interest in the partnership, and Robert S. Sebas has a 49% interest in the partnership. Robert J. Sebas is the father of Robert S. Sebas, but both of them are adults. While the vehicle is owned by and registered in the name of the partnership, the evidence submitted shows that it was used primarily if not exclusively by Robert S. Sebas. The plaintiffs attempt to defeat the summary judgment because during his deposition Robert S. Sebas answered affirmatively to a question whether the vehicle was "entrusted" to him by his father.
After the moving party has presented evidence in support of a motion for summary judgment, the opposing party must present some evidence that demonstrates the existence of some disputed factual issue. State v. Goggin, 208 Conn. 606, 616; Bartha v. Waterbury House Wrecking Co., supra, 11, 12. The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried. Wilson v. New Haven, 213 Conn. 277,279. The plaintiffs base the third count of the complaint on the concept that liability may exist when the owner of an automobile entrusts it to another person who he knows or reasonably ought to know is incompetent to operate it on the highways, and the person entrusting the automobile reasonably ought to anticipate the likelihood of injury to other persons CT Page 629 because of the incompetent driver. See Greeley v. Cunningham, 116 Conn. 515, 518. Liability does not exist, however, merely because the owner entrusts the vehicle to another to drive upon the highways. Id. To entrust means to give something over to another for care, protection or performance. American Heritage Dictionary, Second College Edition.
The plaintiffs claim that the answer of Robert S. Sebas to one question at the deposition creates a genuine issue of material fact requiring denial of a summary judgment. A material fact has been defined as a fact which will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578; Booth v. Flanagan,23 Conn. App. 579, 584. A genuine issue has been described as either a triable, substantial or real issue of fact and one which can be maintained by substantial evidence. Craftsmen, Inc. v. Young, 18 Conn. App. 463, 465; United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378. Construing the remark most favorably to the plaintiffs' position, but also considering that the vehicle was owned by the partnership, at most supports the conclusion that Robert J. Sebas agreed that his son and partner could use the vehicle. Usually, a partner is a co-owner with his partners of specific partnership property, holding as a tenant in partnership. Section 34-63 (1) C.G.S. Absent an agreement, partners have an equal right to possess specific partnership property for partnership purposes but not for other purposes without consent of the partners. Section 34-63 (2)(a) C.G.S.
The test as to whether a summary judgment should be granted, namely that the moving party must be entitled to judgment as a matter of law, is resolved by applying to the established facts the same criteria as are used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; State v. Goggin, supra, 616; Booth v. Flanagan, supra, 585. It is clear from the evidence produced on the motion that Robert J. Sebas is not the exclusive owner of the vehicle. As a 49% owner of the partnership, Robert S. Sebas had an ownership interest in all partnership property. Even if his father allowed him to use that partnership asset exclusively, that would not allow the plaintiffs to recover under the concept that Robert J. Sebas negligently entrusted the vehicle to Robert S. Sebas. The plaintiffs have produced no cases which hold that the entrustment theory applies where the person who obtains the motor vehicle already had an ownership interest in it. The claim is also defeated as a matter of law because any entrusting of the vehicle to Robert S. Sebas was by its owner, the partnership, not by Robert J. CT Page 630 Sebas individually. There is also no evidence whatsoever to suggest that even if the father entrusted the vehicle to his son to drive it upon the highway that he did so knowing the son was incompetent to operate the motor vehicle and that he reasonably should have anticipated the likelihood of injury of others by operation of the vehicle.
The motion for summary judgment on the third count of the complaint is granted.
ROBERT A. FULLER, JUDGE