[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 14, 1995, the plaintiff, Nathaniel Williams, filed an amended complaint (#116) against the defendants, Markus R. Thomas and Elrac, Inc., arising out of an automobile accident involving a motor vehicle leased by defendant Elrac to Robert Bidon and operated by defendant Thomas. The plaintiff alleges that on or about December 10, 1993, his automobile was struck by a vehicle owned by defendant Elrac and operated by defendant Thomas, when said vehicle failed to obey an overhead control signal. The first count sounds in negligence and is directed at defendant Thomas. In the second count the plaintiff alleges that defendant Elrac is liable pursuant to General Statutes § 52-183 for any damages caused by the operation of a motor vehicle it has rented or leased. In the third and final count, the plaintiff alleges that defendant Elrac negligently entrusted the vehicle to Robert Bidon who in turn was incompetent in allowing defendant Thomas to gain control of and negligently operate the rental vehicle which struck the plaintiff's vehicle. The plaintiff further alleges that defendant Elrac "knew, or in CT Page 12490 the exercise of reasonable care should have known, that Robert Bidon was incompetent and would not exercise reasonable care in allowing another to gain control of, and negligently operate said automobile." Plaintiff's Amended Complaint (Third Count), ¶ 7.
On June 19, 1995, defendant Elrac filed a motion to strike the third count of the plaintiff's amended complaint on the grounds that: (1) Connecticut law does not recognize a theory of "negligent entrustment once removed;" and (2) the plaintiff has failed to allege that the defendant knew or should have known that the defendant lessee would permit an incompetent driver to operate the rental vehicle. In support of this motion the defendant filed an accompanying memorandum of law. On July 6, 1995, the plaintiff filed a memorandum of law in opposition to the defendant's motion to strike.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 398 (1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215.
In its supporting memorandum, defendant Elrac argues that the theory of negligent entrustment, as it exists in Connecticut with respect to motor vehicles, extends only to the person to whom the motor vehicle originally was entrusted by its owner, and does not apply when the operator at the time of the accident is not the person to whom the defendant owner originally entrusted its vehicle. Furthermore, even if the theory of negligent entrustment does apply to the circumstances in the present case, the defendant claims that liability cannot be imposed upon the vehicle owner in the absence of allegations that the owner knew or should have known that said third party was an incompetent driver. CT Page 12491
In his opposing memorandum, the plaintiff argues that defendant Elrac was negligent in entrusting the vehicle to an incompetent individual, namely Robert Bidon, and that entrusting a motor vehicle to an incompetent individual involves a breach of duty to the public. The plaintiff claims that in order to state a claim for negligent entrustment under Greeley v. Cunningham,116 Conn. 515, 165 A. 678 (1933), the plaintiff need only allege that the owner of the vehicle knew or had reason to know that the person to whom he entrusts his motor vehicle is incompetent in some manner, and that incompetence causes injury.
"An automobile, while capable of doing great injury when not properly operated upon the highways, is not an intrinsically dangerous instrumentality . . . and liability cannot be imposed upon an owner merely because he intrusts it to another to drive upon the highways." (Citations omitted.) Greeley v. Cunningham, supra, 116 Conn. 518. Nevertheless, "the owner may be liable for injury resulting from the operation of an automobile he loans to another, when he knows or ought reasonably to know that the one to whom he intrusts it is so incompetent to operate it, by reason of inexperience or other cause, that the owner ought reasonably to anticipate the likelihood that in its operation injury will be done to others." (Emphasis added.) Id. That liability "rests primarily upon the negligence of the owner in intrusting the automobile to the incompetent driver," not the negligence of the entrustee. Id., 520.
The plaintiff in the present case alleges a cause of action in negligent entrustment of a motor vehicle. The issue in this case is whether an owner-lessor of a motor vehicle may be held liable when the lessee entrusts the rental vehicle to another individual who subsequently operates the vehicle in a negligent manner, causing an accident.
This issue was addressed in the separate but related matter of Galloway v. Thomas, Superior Court, judicial district of New Haven at New Haven, Docket No. 371814 15 Conn.. L. Rptr. 143 (September 26, 1995) (Corradino, J.). In Galloway, a case arising out of the same accident involved in the present case, the court, Corradino, J., held that there was a missing element in the plaintiff's theory of recovery in that the plaintiff failed to allege that Elrac knew or should have known Bidon would permit another to drive the car. "Nowhere is it explicitly alleged that Bidon's `incompetence' was of such an apparent type that Elrac knew or CT Page 12492 should have known that he would in fact give the defendant Thomas or in fact anyone else permission to drive the car." Id. The court declined to extend the plaintiff's general allegation that Bidon was "incompetent" that far. Further, the court seriously questioned whether the defendant Elrac's alleged failure to instruct the lessee not to allow anyone else to drive the car "proximately caused injury when the lessee gives the car to another without the lessor's knowledge and consent and a fortiori the lessor-owner has no reason to know that driver's identity letalone his or her ability to drive a car safely." (Emphasis added.) Id. According to the court in Galloway, the plaintiff's allegation that the defendant car rental agency failed to make it understood to Bidon that he could not give anyone else permission to drive the car was insufficient to provide the "missing link" in the plaintiff's theory of negligence and did not provide a basis for liability. Given the factual allegations in the complaint, the court in Galloway granted the defendant's motion to strike.
The court's holding in Galloway v. Thomas is persuasive authority in the matter before this court. For the same reasons articulated in Galloway, the plaintiff in the present case has failed to allege facts sufficient to state a claim for negligent entrustment of a motor vehicle. Furthermore, the plaintiff in the present case has not even alleged in the amended complaint that defendant Elrac failed to properly instruct Bidon that he was not to allow anyone else to operate the rental vehicle. Accordingly, the defendant's motion to strike the third count of the plaintiff's amended complaint is granted.