[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Should the defendant's motion to strike count three of the plaintiff's amended complaint be granted on the ground that count three does not allege a legally sufficient cause of action for negligent entrustment?
FACTS
On April 22, 1996, the plaintiff, Kristy Jordan (Jordan), administratrix of the estate of John J. Jordan, filed a five count amended complaint against the defendants, Wilfred Sabourin (Sabourin), Gerald F. Bates, II (Bates), and Cordell Cudworth, III (Cudworth). According to the facts alleged in the complaint, on May 14, 1994, Cudworth and Sabourin were at Cudworth's residence in Moosup, Connecticut, repairing Cudworth's Chevrolet Blazer. While at Cudworth's residence, and in his presence, Sabourin consumed alcoholic beverages. Thereafter, to enable Sabourin to obtain materials necessary to repair the Blazer, Cudworth entrusted to Sabourin a 1985 Chrysler New Yorker. The Chrysler New Yorker was owned by Bates, who gave Cudworth and Sabourin permission to use the vehicle while the Blazer was being repaired.
At approximately 2:34 p.m., while operating the Chrysler New Yorker in a westerly direction on Lake Street in Moosup, Connecticut, Sabourin struck the plaintiff's decedent, John J. Jordan, as Jordan was crossing Lake Street. Three hours later, John J. Jordan died from injuries sustained as a result of being struck by the vehicle operated by Sabourin.
Count three of the complaint is directed against Cudworth and is the subject of the present motion to strike. Count three alleges that the decedent's death was caused by the negligence of Cudworth in that Cudworth entrusted Sabourin with Bates' automobile when he knew, or in the exercise of due care should have known, that Sabourin consumed alcoholic beverages sufficient to impair his driving ability. CT Page 9611
On May 7, 1996, Cudworth filed a motion to strike count three of the amended complaint, dated April 22, 1996, and a memorandum of law in support thereof. Cudworth moves to strike count three on the ground that it fails to state a legally sufficient cause of action. Cudworth argues that Connecticut does not recognize a cause of action for negligent entrustment of an automobile by one who is not the owner of the automobile. In the alternative, Cudworth argues that if the court were to recognize such a cause of action, Jordan has not alleged that Cudworth had sufficient control over the automobile to give rise to negligent entrustment liability.
On August 9, 1996, Jordan filed an objection to the motion to strike and a memorandum of law in support thereof. On the same date, Jordan filed a request for leave to amend the complaint. Jordan argues that Connecticut case law supports a cause of action for negligent entrustment against one who is not an owner of a vehicle where the non-owner has control over the vehicle. In this regard, Jordan claims that count three of the amended complaint, filed August 9, 1996, contains allegations of control sufficient to withstand a motion to strike. Count three, as amended, alleges that the vehicle owned by Bates was in the custody, possession and control of Cudworth with Bates' permission.
DISCUSSION
When a motion to strike is pending, the party whose pleading is being attacked may not file an amended complaint to cure defects raised by the motion. Dilettante Enterprisesv. Metro Realty Group, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 445207 (February 27, 1992, Sheldon, J., 6 Conn. L. Rptr. 137). The defendant is deemed to consent to the amendment, however, by failing to timely object to the request to amend. Practice Book § 176; Garrity v. Town of Prospect, Superior Court, judicial district of Waterbury, Docket No. 088290 (August 19, 1994, Sylvester, J.). In such situations, the rules of practice provide that "pleadings already filed by [the adverse party] shall be regarded as applicable so far as possible to the amended pleading." Practice Book § 177. Under this analysis, a motion to strike is regarded as applicable to an amended complaint filed in response thereto. Garrity v. Townof Prospect, supra; Marczak v. Aetna Casualty Surety Co.,
CT Page 9612 Superior Court, judicial district of New Haven at New Haven, Docket No. 345211 (August 19, 1993, Zoarski, J.). Accordingly, the court will reach the merits of Cudworth's motion as it relates to the amended complaint, filed August 9, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996).
1. Whether Connecticut Recognizes a Cause of Action forNegligent Entrustment of an Automobile by One Who is Not anOwner Thereof.
Connecticut recognized a cause of action for negligent entrustment of an automobile in Greeley v. Cunningham,116 Conn. 515, 165 A. 678 (1933). Unlike the facts of the present case, however, Greeley addressed the liability of the owner of a vehicle for the negligent entrustment of that vehicle to another. The court stated: "When the evidence proves that the owner of an automobile knows or ought reasonably to know that one to whom he intrusts it is so incompetent to operate it upon the highways that the former ought reasonably to anticipate the likelihood of injury to others by reason of that incompetence, and such incompetence does result in such injury, a basis of recovery by the person injured is established." Id., 520.
Cudworth relies on the Greeley court's use the term "owner" to establish that liability for negligent entrustment in Connecticut is limited to owners. Superior court cases applying the negligent entrustment doctrine established inGreeley note that Greeley adopted the approach set forth in the Restatement of Torts. See, e.g., Morin v. Keddy, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 701113 (October 25, 1993, Hennessey, J.); Hughes v.Titterton, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 292024 (July 13, 1987, Wagner, J., 2 CSCR 845). CT Page 9613
The Restatement provides that "[o]ne who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them." 2 Restatement (Second), Torts § 390 (1965). The court in Morin v. Keddy, supra, relied on the Restatement definition to impose liability on a non-owner for negligent entrustment of an automobile.
In Morin, the defendants drove together to a stag party in a vehicle owned by the defendant Kenneth Keddy (Keddy). The defendant Robert E. Pepe (Pepe) volunteered to act as the "designated driver" for the evening, promising not to consume alcohol and to drive himself and the other defendants home in Keddy's automobile. At the party Pepe consumed enough alcohol to become intoxicated. He later drove himself and the other defendants to his home, whereupon he exited the vehicle and entered his house. Keddy then assumed operation of his vehicle and drove onto a public highway where he collided with Morin's vehicle, causing Morin's death.
Pepe moved to strike the counts of the complaint alleging negligent entrustment on the ground that a non-owner cannot be liable for negligent entrustment of a vehicle back to its owner. In ruling on the motion, the court stated thatGreeley's invocation of the Restatement lends support to the proposition that Connecticut does not preclude recovery against a non-owner for negligent entrustment. The court observed that the Restatement makes no reference to any requirement that the defendant in a negligent entrustment action be the owner of the instrumentality entrusted. The court stated that "[l]iability for negligent entrustment is not based on a defendant's ownership status" but rather is based on whether the entrustor, by virtue of his status, has sufficient control over the vehicle of the owner to give rise to an action for negligent entrustment. Under the facts of the case, the Morin court held that a designated driver has sufficient control over a vehicle to give rise to such liability.
The parties correctly assert that neither the Connecticut Appellate Court nor Supreme Court has yet to determine whether CT Page 9614 a cause of action for negligent entrustment exists against a non-owner. A number of Superior Court cases, however, support the applicability of the doctrine to non-owners. SeePellegrino v. Naugi, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 388361 (July 30, 1991, Wagner, J.) (adopting language of Restatement);Czulewicz v. Raymond, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 100248 (November 20, 1990, Cioffi, J.) (granting motion to strike count alleging negligent entrustment for failure to allege that defendant either owned or had control over the vehicle in question);McKee v. Robinson, Superior Court, judicial district of New London at Norwich, Docket No. 091410 (November 30, 1989, Austin, J., 1 Conn. L. Rptr. 68) (stating that "[l]iability can arise when any person . . . who has a vehicle under his control permits another to use the vehicle if he knows or should know that the other is unable to manage the vehicle and therefore injury to others is likely to result."); Hughes v.Titterton, supra (citing Restatement).
"The principle features of the tort of negligent entrustment lie in the knowledge of the supplier concerning the dangerous propensities of the entrustee and in the foreseeability of harm." McKee v. Robinson, supra. The rationale for imposing liability under the doctrine arises out of the negligent act of the entrustor, not out of his ownership status. Greeley v. Cunningham, supra, 116 Conn. 521
(indicating that recovery rests primarily on the negligence of the actor in entrusting an automobile to an incompetent driver). Furthermore, the Restatement, which has been cited with approval by the Superior Court, supports this position. Accordingly, it is submitted that a cause of action for negligent entrustment of an automobile is not dependent upon the ownership status of the defendant.
2. Whether the Allegations of the Complaint Support a Causeof Action for Negligent Entrustment of an Automobile by OneWho is Not an Owner Thereof.
Having determined that a cause of action for negligent entrustment exists against a non-owner, a question arises regarding whether the allegations of count three properly allege such a claim. There are no reported Connecticut decisions describing the elements of a negligent entrustment action. Czulewicz v. Raymond, supra. Cudworth argues that CT Page 9615 the allegations of the complaint do not support a finding that he was in sufficient control of the vehicle to find liability.
The issue of control was central to the court's decision in Morin. The court acknowledged that mere physical control over a vehicle is insufficient to render one liable for negligent entrustment. Morin v. Keddy, supra (citing Bahm v.Dormanen, 543 P.2d 379 (Mont. 1975)). The court stated, however, that under the facts of the case Pepe "did not simply borrow Keddy's vehicle, but assumed the responsibility of designated driver." The court determined that the assumption of this responsibility established a level of control sufficient to render Pepe subject to liability. The court did not identify other factual circumstances that might establish the requisite control for negligent entrustment liability of a non-owner. Thus, Morin is of limited applicability here.
Cudworth argues that, unlike the situation in Morin, there are no special circumstances surrounding his control of the vehicle which give rise to liability. Cudworth argues that both he and Sabourin were permissive users of Bates' vehicle and therefore the negligent entrustment claim must fail as matter of law.
As noted by the court in Morin, § 390 of the Restatement is a special application of § 308, which states that "[i]t is negligent to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in such a manner as to create a unreasonable risk of harm to others." 2 Restatement (Second) Torts, § 390 comment b (1965). "The words `under the control of the actor' are used to indicate that the third person is entitled to possess or use the thing or engage in the activity only by the consent of the actor, and that the actor has reason to believe that by withholding consent he can prevent the third person from using the thing or engaging in the activity." 2 Restatement (Second) Torts, § 308, comment a (1965); Morin v. Keddy, supra.
Count three alleges that the Chrysler New Yorker "was in the custody, possession and/or control" of Cudworth with Bates' permission. Count three also alleges that the vehicle was being used by both Cudworth and Sabourin as a substitute vehicle while Cudworth's vehicle was in disrepair. In this CT Page 9616 regard, the allegations of the complaint regarding control of the vehicle are somewhat unclear.
The fact that the vehicle was being used by both defendants does not necessarily preclude liability. If Sabourin obtained access to the vehicle only by Cudworth's consent, then Cudworth could be liable for negligent entrustment. For example, if Cudworth had possession of the car keys or exclusive access to a garage in which the vehicle was kept, then the vehicle was under the control of Cudworth. In that situation, Cudworth might be negligent if he knowingly supplied Sabourin with the physical means to operate the vehicle or the vehicle itself. Similarly, if Sabourin had the physical means to operate the vehicle, but required Cudworth's consent to do so, Cudworth's granting of consent might create liability. If, however, Sabourin had both Bates' permission to operate the vehicle and the physical means of doing so, Cudworth would not have the power to supply the vehicle to Sabourin. In order to plead a claim for negligent entrustment, therefore, the control of the entrustor over the vehicle must appear, from the facts alleged, to be exclusive control vis-a-vis the entrustee.
Count three of the amended complaint is devoid of facts relating to Cudworth's control of the vehicle. Accordingly, the motion to strike is granted.
D. Michael Hurley Judge Trial Referee