[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#104)
The Plaintiffs Steve Outar, Acton Barrett and Kevin Rooney have brought this action against the Defendants Gregory Jackson and Agency Rent A Car System, Inc. ("Agency"). The Plaintiffs claim personal injuries arising out of a motor vehicle accident allegedly caused by the negligence of the Defendant Jackson, who at the time was operating a motor vehicle owned by the Defendant Agency.
The complaint is in nine counts. There are three sets of counts, each set containing identical allegations respectively on behalf of each Plaintiff. The first set, the First, Fourth and Seventh Counts, are alleged against the Defendant Jackson, and are not here in issue. The second set, consisting of Second, Fifth and Eighth Counts, and the third set, consisting of the Third, Sixth and Ninth Counts, are alleged against the Defendant Agency.
The Defendant Agency has moved for summary judgment on the counts against it. In support of its motion, Agency has filed appropriate documents consisting of motor vehicle rental agreement and an affidavit, as required by Practice Book § 17-45, in addition to a supporting memorandum of law. Although the Plaintiffs have filed an opposition memorandum, they have not filed any opposing affidavits or other documentary evidence, as specified in Practice Book § 17-45.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits any other proof submitted show that there is no genuine issue as to any material fact a that the moving CT Page 3464 party is entitled to judgment as a matter of law." Suarez v.Dickmont Plastics, Corp., 229 Conn. 99, 105 (1994); Practice Book § 17-49. A material fact is that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578 (1990). The moving party has the burden of showing the absence of any genuine issue of material fact. Id. The test is whether a party would be entitled to a directed verdict on the same facts. Id. Once the moving party has presented evidence in support of the motion, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Id. Mere assertions of fact are insufficient to refute evidence properly presented to the court under Practice Book § 17-45. Id.
The two sets of counts in issue will be considered in order.
 Second, Fifth and Eighth Counts
The Second, Fifth and Eighth Counts allege liability under General Statutes § 14-154a. That section purports to impose liability upon the owner of a motor vehicle rented or leased to another for damage caused by the operation of such vehicle consistent with the liability of the operator. Plaintiffs do not allege that the vehicle was rented to the Defendant Jackson, but only that the Defendant Agency "had leased or rented said vehicle to be used within the State of Connecticut." Paragraph 4. InPedevillano v. Bryon, 231 Conn. 265 (1994), our Supreme Court reiterated the rule that Section 14-54a only imposes liability upon the owner-lessor if at the time in question, the operator was "one in lawful possession of [the leased vehicle] pursuant to the terms of the contract of rental." Id., 268.
The issue, therefore, is whether the Defendant Jackson was then an authorized operator under the contract of rental. That rental contract, submitted in support of the motion, makes clear that Jackson was not an authorized operator thereunder. The only authorized operators specified in the contract are the named lessee Amos Jack and his spouse, Deborah Short. The Plaintiff has presented no contradictory evidence, and thus has failed "to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists."Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 247 (1992).
The motion for summary judgment is granted as the Second, Fifth and Eighth Counts. CT Page 3465
 Third, Sixth and Ninth Counts
The Third, Sixth and Ninth Counts purport to allege claims of common law negligence. See Paragraph 9. At common law, the owner-lessor of a motor vehicle was not liable for the negligence of the lessee merely because it owned the vehicle and rented it to another who negligently caused an accident. Levy v. Daniels'U-Drive Auto Renting Co., Inc., 108 Conn. 333, 336-37 (1928). At common law, with exceptions here applicable, the owner could be held responsible only if he entrusted or loaned the vehicle to a person the owner knew or had reason to know was incompetent to operate it by reason of inexperience or other cause. Greeley v.Cunningham, 116 Conn. 515, 518 (1933). This presumed, however, that the person to whom the vehicle was entrusted or loaned was the operator causing the injury. Id., 519. Such is not the case here. Common law negligence is inapplicable. Accord Galloway v.Thomas, Superior Court, judicial district of New Haven at New Haven, Docket No. 371814 (September 26, 1995, Corradino, J.) (1995 WL 584393).
The motion for summary judgment is also granted as to the Third, Sixth and Ninth Counts.
David L. Fineberg Superior Court Judge