[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER ON MOTION TO STRIKE #108
This is the defendant's motion to strike counts two, four, six, eight and ten of the plaintiff's amended and revised complaint sounding in negligent entrustment and count eleven sounding in recklessness as to the defendant driver, Deborah Laidlaw. In addition, the defendant moves to strike the claims for common law punitive damages and statutory damages.
COUNTS TWO, FOUR, SIX, EIGHT AND TEN
Connecticut recognized a cause of action for negligent entrustment in Greeley v. Cunningham, 116 Conn. 515, 165 A.2d 678
(1933). "The principle features of the tort of negligent entrustment lie in the knowledge of the supplier concerning the dangerous propensities of the entrustee and in the foreseeability of harm." (Internal quotation marks omitted.) Jordan v. Sabourin,
Superior Court, judicial district of New London at New London, Docket No. 537041 (November 22, 1996, Hurley, J.T.R.). Here, the plaintiff has not alleged any facts suggesting that the defendant had actual or constructive knowledge of the defendant driver's dangerous propensities. In fact, it is not even clear from the complaint that the defendant driver had any dangerous CT Page 13059 propensities irrespective of the analysis with regard to knowledge of the defendant. Accordingly, the defendant's motion to strike counts two, four, six, eight and ten is granted.
COUNT ELEVEN
This court has held that "a cause of action for recklessness [exists] provided that the plaintiff has pleaded that the defendant violated one or more of the statutory provisions enumerated in General Statutes § 14-295 and that this violation was a substantial factor in causing the plaintiff's injuries." (Internal quotation marks omitted.) Satanovskaya v. Barberio,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 163201 (March 10, 1998, Karazin, J.). Here, the plaintiff has pled both a violation of statutes enumerated in General Statutes § 14-295 and causation. Accordingly, the defendant's motion to strike count eleven is denied.
COMMON LAW PUNITIVE DAMAGES
"[S]tatutory multiple damages awarded pursuant to 14-295, while serving a similar punitive purpose . . . are separate and distinct from common law punitive damages and are awarded in addition thereto in appropriate cases." (Citations omitted.)Caulfield v. Amica Mutual Ins. Co., 31 Conn. App. 781, 786 n. 3,627 A.2d 466, cert. denied, 227 Conn. 913, 632 A.2d 688(1993). "[P]unitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional or wanton violation of those rights." (Internal quotation marks omitted.) Champagne v. Raybestos-Manhatten, Inc., 212 Conn. 509,532, 562 A.2d 1082 (1989). Here, no facts have been alleged which show a reckless indifference to the rights of others as defined by the common law. See Dubay v. Irish, 207 Conn. 518, 532-33,542 A.2d 711 (1998). Moreover, common law punitive damages cannot be imposed on the owner for the reckless conduct of the operator. See Bonitto v. Oppel, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 156855 (July 14, 1997,Karazin, J.). Accordingly, the defendant's motion to strike the demand for common law punitive damages is granted.
DOUBLE OR TREBLE DAMAGES PURSUANT TO GENERAL STATUS § 14-295
Because count eleven is sustainable, double or treble damages are possible under General Statutes § 14-295. Accordingly, the defendant's motion to strike the demand for double or treble CT Page 13060 damages is denied.
CONCLUSION
In summary, the defendant's motion to strike is granted as to the negligent entrustment counts and the common law punitive damages, but denied as to count eleven and the double or treble damages demand. So ordered
KARAZIN, J.