[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#106) DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT
On September 18, 2000, the plaintiff Teresa Mestey, filed a three count complaint alleging negligence, recklessness, and negligent entrustment against the defendants, Robert V. Picarelli, Sr. (Picarelli, Sr.) and Robert V. Picarelli, Jr. (Picarelli, Jr.), arising from an accident involving Picarelli, Sr. and Mestey. Factually, Picarelli, Sr., while driving Picarelli, Jr.'s car, hit the pedestrian Mestey causing Mestey to sustain multiple injuries. Counts one and two of the complaint alleging negligence and recklessness are directed towards Picarelli, Sr. Count CT Page 13224 three of the complaint alleging negligent entrustment is directed toward Picarelli, Jr.
On April 30, 2001, Picarelli, Jr. filed a motion for summary judgment as to count three on the ground that there are no genuine issues of material fact regarding the lack of permission given to Picarelli, Sr. to use Picarelli, Jr.'s car. Mestey filed no Opposition to the motion for summary judgment, nor did she appear at short calendar to oppose Picarelli, Jr.'s motion.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principle of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted; internal quotation marks omitted.) Appleton v. Board Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
Our Supreme Court first recognized a cause of action for negligent entrustment of an automobile in Greeley v. Cunningham, 116 Conn. 515,520, 165 A. 678 (1933). Negligent entrustment is established "[w]hen the evidence proves that the owner of an automobile knows or ought reasonably to know that one to whom he intrusts it is so incompetent to operate it upon the highways that the former ought to reasonably anticipate the likelihood of injury to others by reason of that incompetence, and such incompetence does result in injury, a basis of recovery by the person injured is established." Id. Picarelli, Jr. has submitted a motion for summary judgment, a memorandum in support, and an affidavit, all attesting to the fact that Picarelli, Sr. used his son's car without Picarelli, Jr.'s knowledge, consent, or permission. Additionally, Picarelli, Jr.'s affidavit attests that he did not know that Picarelli, Sr. would be a danger to others if he operated a motor vehicle. Mestey submits no Opposition to the motion for summary judgment, memorandum, or other proof which would discount the information sworn to in Picarelli, Jr.'s affidavit. Consequently, Mestey has failed to provide an evidentiary foundation demonstrating that there are genuine issues of material fact in the present case. Therefore, because there are no genuine issues of material fact with regard to Picarelli, Jr.'s lack of negligent entrustment, Picarelli, Jr. is entitled to judgment as a matter of law and his motion for summary judgment as to count three is granted. CT Page 13225
By the Court
Joseph W. Doherty