[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (NO. 118)
Facts
On September 27, 2001, the plaintiffs, Michael D. Shapiro, as administrator of the Estate of Rui Hao Chen Chung (Ms. Chung), Wiling Zhong Chung, ppa Michael D. Shapiro and Yi Hao Zhong Chung, ppa Michael D. Shapiro, filed an action against the defendants Place Motors, Inc., Gemini Traffic Sales, Inc., Stanley C. Lee and Chi Ming Chung, administrator of the Estate of Kwok Kwung Chung, seeking damages in negligence, recklessness, negligent entrustment, and loss of parental consortium.[1] The plaintiffs seek compensatory, as well as punitive damages, and request double or treble damages pursuant to General Statutes § 14-295.
The plaintiffs allege the following facts in their amended complaint, filed on July 8, 2002. On October 18, 1999, the plaintiff's decedent, Ms. Chung, was a passenger in a vehicle allegedly leased from the defendant Place Motors, Inc., and operated by the defendant Kwok K. Chung. The plaintiff's decedent's vehicle was traveling westbound on U.S. Route 6 through the town of Chaplin, Connecticut, when it collided with a vehicle operated by the defendant Stanley C. Lee and owned by the defendant Gemini Traffic Sales, Inc. Ms. Chung and the defendant, Kwok K. Chung were killed in the collision.
Counts two, four, eight, nine, and eleven are at issue in this motion. Count two of the amended complaint is brought by Michael D. Shapiro as administrator of Ms. Chung's estate and alleges negligent entrustment by the defendant Place Motors, Inc. Count four is also brought by Mr. Shapiro as administrator of Ms. Chung's estate, and alleges recklessness on the part of the defendant Place Motors, Inc., pursuant to General Statutes § 14-15a. Counts eight, nine, and eleven of the revised complaint are brought by Wiling Zhong Chung, ppa Michael D. Shapiro and Yi Hao Zhong Chung, ppa Michael D. Shapiro, for loss of parental consortium. Count eight alleges statutory liability, pursuant to General CT Page 2214 Statutes §§ 14-80, 14-218a, 14-222, 14-230, and 14-231, resulting in loss of parental consortium. Count nine alleges negligent entrustment resulting in loss of parental consortium. Count eleven alleges reckless loss of parental consortium.
On November 27, 2001, the defendant, Place Motors, Inc., moved to strike count two on the ground that it had no duty to investigate or train Kwok K. Chung in the operation of a motor vehicle; count four on the ground that the plaintiff has failed to allege any factual predicate to support a claim in recklessness; and counts eight, nine, and eleven on the ground that the state of Connecticut does not recognize a cause of action for loss of consortium outside the context of the marriage relationship. Place Motors, Inc. attached a memorandum of law in support of its motion. On July 2, 2002, the plaintiffs filed a memorandum of law in opposition to the motion to strike. The defendant responded on October 11, 2002, with a supplement in support of its motion to strike.
Discussion
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial."Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Gazo v.Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001).
 I. Negligent Entrustment
The defendant moves to strike count two of the plaintiff's complaint, which asserts a claim of negligent entrustment on the ground that as a lessor, the defendant did not have a duty to investigate Kwok K. Chung's driving abilities prior to leasing him an automobile. The defendant argues that there is no duty on the lessor's part to investigate the lessee unless the lessee does not have a valid driver's license; the defendant asserts that under Connecticut case law an individual who possesses a valid driver's license is presumed to be a competent driver. The plaintiffs' complaint does not adequately plead facts sufficient to find knowledge of the entrustee's incompetence, and thus cannot sustain a claim of negligent entrustment. Therefore, the defendant's motion to strike on this ground must be granted. CT Page 2215
Connecticut case law long ago adopted a doctrine of negligent entrustment of automobiles. "When the evidence proves that the owner of an automobile knows or ought reasonably to know that one to whom he intrusts it is so incompetent to operate it upon the highways that the former ought reasonably to anticipate the likelihood of injury to others by reason of that incompetence, and such incompetence does result in such injury, a basis of recovery by the person injured is established."Greeley v. Cunningham, 116 Conn. 515, 520, 165 A. 678 (1933). Since the court's holding in Greeley, there has been little elaboration from the Appellate Courts on the elements of negligent entrustment of automobiles. The Superior Courts, however, have had ample opportunity to address the issue.
"Although there are no reported Connecticut decisions describing the elements of a negligent entrustment action, entrustment plainly means permitting another to do something or to use something." Czulewicz v.Raymond, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 89 0100248 (November 20, 1990, Cioffi, J.) (3 Conn.L.Rptr. 531). One superior court opined that the negligence of the incompetent driver is not the determinative factor in a negligent entrustment action, rather, the core of a negligent entrustment action is whether the entrustor was negligent in supplying a vehicle to the incompetent driver. McKee v. Robinson, Superior Court, judicial district of New London at Norwich, Docket No. 091410 (November 30, 1989, Austin, J.) (1 Conn.L.Rptr. 68, 69).
This court has stated that "[t]he principal features of the tort of negligent entrustment lie in the knowledge of the supplier concerning the dangerous propensities of the entrustee and in the foreseeability of harm." (Internal quotation marks omitted.) Jordan v. Sabourin, Superior Court, judicial district of New London, Docket No. 537041 (November 22, 1996, Hurley, J.T.R.) (18 Conn.L.Rptr. 269). This statement is an articulation of the Greeley court's requirement that the entrustor "knows or ought reasonably to know" of the incompetence of the entrustee.Greeley, supra, 116 Conn. 520.
"It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). The plaintiffs' complaint alleges eighteen separate acts of negligence on the part of the defendant, Kwok K. Chung. The plaintiffs might be correct that these separate acts of negligence amount to incompetence on the part of Kwok K. Chung. However, there is no allegation that the CT Page 2216 defendant-lessor, Place Motors, Inc., had any knowledge or reasonably ought to have known of the "dangerous propensities" of Kwok K. Chung. Thus, the plaintiffs have not adequately pleaded the facts necessary to sustain a claim of negligent entrustment, and the defendant's motion to strike count two must be granted.
 II. Recklessness
The defendant next moves to strike count four of the plaintiffs' complaint on the ground that the plaintiffs have not adequately "alleged a proper factual predicate" for a cause of action in recklessness under § 14-295. The defendant asserts that the plaintiffs must plead facts sufficient to inform the defendant which particular acts were reckless, and that claims of negligence must be distinguishable from claims of recklessness. Furthermore, the defendant argues that the plaintiffs have set forth "generic allegations," and must do more than "merely [track] the language of the statute."
This court has noted that "[t]he trial courts of this state are split on the issue of whether a plaintiff must allege additional facts to support a claim of recklessness that are distinct from any claim of negligence in order to survive a motion to strike and seek double-treble damages under General Statutes § 14-195." Smith v. MitsubishiMotors, Superior Court, judicial district of New London, Docket No. CV 95 0535161 (January 17, 1996, Hurley, J.). A minority of courts continue to require a plaintiff to plead specific factual allegations, above and beyond facts pled in a negligence claim.[2] Colon v. SNET, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 01 0385673 (May 21, 2002, Gallagher, J.). "The majority point of view, on the other hand, is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiff's injuries."[3] Id.
Following this court's holding in Smith v. Mitsubishi Motors, Inc.,supra, that "General Statutes § 14-295 requires a plaintiff to plead that another party violated certain statutes with reckless disregard in order for the trier of fact to consider awarding multiple damages," the plaintiffs in the present case have sufficiently alleged a cause of action in recklessness. In three separate paragraphs, the plaintiffs allege violations of three of the nine statutes enumerated in General Statutes § 14-295. In addition, the plaintiffs allege facts that are distinguishable from the facts alleged in the negligence counts in their complaint. With regard to an alleged violation of General Statutes § CT Page 221714-230, the plaintiffs allege facts specific to the defendant's reckless disregard for the safety of his passengers. Therefore, based on the earlier holding of this court, the defendant's motion to strike count four of the plaintiff's complaint is denied.
 III. Loss of Consortium
Place Motors, Inc. moves to strike counts eight, nine, and eleven on the grounds that the state of Connecticut does not recognize a cause of action for loss of consortium outside the context of marriage. The defendant relies on Mendillo v. Board of Education, 246 Conn. 456,717 A.2d 1177 (1994), in support of its motion. The plaintiffs, in response, argue that the case at bar is factually distinguishable fromMendillo, and as such, argue that this court should recognize a cause of action for loss of parental consortium.
Our Supreme Court recognized loss of consortium claims for the first time in Hopson v. St. Mary's Hospital, 176 Conn. 485, 408 A.2d 260
(1979). "The term `consortium' is usually defined as encompassing the services of the wife, the financial support of the husband, and the variety of intangible relations which exist between spouses living together in marriage . . . These intangible elements are generally described in terms of affection, society, companionship and sexual relations . . . These intangibles have also been defined as the constellation of companionship, dependence, reliance, affection, sharing and aid which are legally recognizable, protected rights arising out of the civil contract of marriage." (Citations omitted; internal quotation marks omitted.) Hopson v. St. Mary's Hospital, supra, 176 Conn. 487.
Following our Supreme Court's holding in Hopson, courts began to infer the recognition of a cause of action for loss of parental consortium, as well. "[T]he movement of the law is clearly in the direction of recognition of a child's claim for damages for loss of consortium resulting from a parent's injury, and this court's recognition of the cause of action is consistent with the principles articulated in Hopson."Kizina v. Minier, Superior Court, judicial district of Waterbury, Docket No. 099375 (January 24, 1992, Santos, J.) (5 Conn.L.Rptr. 481,7 C.S.C.R. 339, 340).
Other superior court decisions relied not only on Hopson, but also cited language from cases in other jurisdictions that recognize a cause of action for loss of parental consortium. "If the common law sometimes protects a parent's sentiments in the parent-child relationship, we might expect similar protection for the fledgling needs of the child." Ferriterv. Daniel O'Connell's Sons, Inc., 413 N.E.2d 690, 694 (Mass. 1980). CT Page 2218 "[W]hile an adult is capable of seeking out new relationships in an attempt to fill in the void of his or her loss, a child may be virtually helpless in seeking out a new adult companion. Therefore, compensation through the courts may be the child's only method of reducing his or her deprivation of the parent's society and companionship." Theama by Bichlerv. City of Kenosha, 344 N.W.2d 513, 516 (Wis. 1984). "We are not persuaded that [the distinction between a spousal relationship and a parent-child relationship] is significant enough to deny the child's claim . . . The other elements — love, companionship, affection, society, comfort, services and solace are similar in both relationships and in each are deserving of protection." Berger v. Weber, 303 N.W.2d 424,426 (Mich. 1981). The Vermont Supreme Court included these "other elements" in its definition of pecuniary loss, deeming that "loss of the children's mental, moral and physical training by their dead [parent] was properly included in the term pecuniary loss." Hay v. Medical CenterHosp. of Vermont, 496 A.2d 939, 941 (Vt. 1985). "Not only are the losses suffered by a parent and a child similar in many respects, but the child is in a uniquely difficult position to make up for the loss of a parent."Id., 942.
This court, persuaded by the reasoning in Kizina and citing all of the above cases from other jurisdictions in support of its rationale, also previously recognized a claim for loss of parental consortium. Beckwithv. Akus, Superior Court, judicial district of New London, Docket No. 524967 (March 15, 1993, Hurley, J.) (8 Conn.L.Rptr. 487,8 C.S.C.R. 364). "The reasoning of the Hopson court regarding loss of consortium claims by spouses has been extended by some courts on the basis that Connecticut's public policy to strengthen the family and protect children from injury and neglect compels the recognition of a parental consortium cause of action . . . [a] child's evolving rights under the federal constitution and the increased awareness in society of a parent's necessary role are compelling reasons why parental consortium claims are legally recognizable." Id.
After many superior courts weighed in on the issue of recognizing this cause of action, our Supreme Court refused to recognize a derivative cause of action for loss of parental consortium where a parent has been wrongfully discharged.[4] Mendillo v. Board of Education, 246 Conn. 456,717 A.2d 1177 (1998). The court held that where a case involves a question of whether a new cause of action should be recognized in the common law, "the ultimate decision comes down to a matter of judgment in balancing the competing interests involved." Id., 495. The court based its conclusion on several factors, including "the fact that recognition of the cause of action would require arbitrary limitations; the additional economic burden that recognition would impose on the general CT Page 2219 public; the uncertainty that recognition would yield significant social benefits; the substantial risk of double recovery; and the weight of judicial authority." Id., 485. Since the court's holding in Mendillo, no court has found factors sufficient to recognize a cause of action for loss of parental consortium.[5]
Justice Berdon, in his dissent in Mendillo, noted that the "facts of this case do not set forth the ideal scenario with respect to this cause of action . . ." Mendillo, supra, 246 Conn. 497 n. 2. "I predict that this court will soon look on the decision in this case as the 1979Hopson court viewed the 1911 Marri decision in which a spousal loss of consortium claim was denied: that is, this court will conclude that the reasoning [of the majority in this case is] no longer persuasive and its result is unsound." (Internal quotation marks omitted.) Mendillo, supra,246 Conn. 497. Justice Berdon argues that the logical extension of the court's holdings in Hopson, supra, and Clohessy v. Bachelor, 237 Conn. 31,675 A.2d 852 (1996),[6] is to recognize a cause of action for loss of parental consortium. Relevant to the very core of Justice Berdon's dissent is the significant factual distinction between Mendillo and cases such asKizina and Beckwith: the latter cases involved actual physical injury to the parents of the minor children.
The holding in Mendillo is inapposite to this case based on the factual distinctions; this case more closely resembles the fact patterns ofKizina and Beckwith. Here, the minor plaintiff's mother was killed in a car accident, as opposed to temporarily living out of the home. The minor plaintiffs have been permanently, rather than temporarily, deprived of the very "intangible factors" that Hopson cites as the basis for recognizing a cause of action for loss of spousal consortium. A fact pattern such as the one here is precisely the type of scenario that Justice Berdon suggests is appropriate for recognizing a cause of action for loss of parental consortium. Therefore, in light of this court's previous holdings on loss of parental consortium and the factual distinction between the facts of this case and our Supreme Court's holding in Mendillo, the motion to strike counts eight, nine and eleven is denied.
Conclusion
For the foregoing reasons, the defendant's motion to strike count two of the plaintiff's complaint is granted. However, the defendant's motion to strike counts four, eight, nine, and eleven is denied.
D. Michael Hurley
Judge Trial Referee CT Page 2220