[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE THIRD-PARTY COMPLAINT
The third-party defendant, Unitemp Personnel, Inc. ("Unitemp") has moved to strike all counts of the Revised Third-Party Complaint dated October 17, 2000 ("Third-Party Complaint") filed by the third-party plaintiff, First Union National Bank ("First Union").
Background and Facts alleged in Third-Party Complaint
This case arises from an alleged fraudulent check cashing incident involving a temporary employee provided to the plaintiffs, Tilcon, Inc. and Tilcon New York, Inc. ("Tilcon"), by the third-party defendant, Unitemp, a temporary employment agency. The Third-Party Complaint alleges that Tilcon initiated the action against First Union by way of Complaint dated August 18, 1998. In the Complaint Tilcon alleges that First Union violated the Uniform Commercial Code, breached a contract and acted negligently in honoring six forged checks totaling $446,787.72 drawn against Tilcon's account with First Union. Tilcon further alleges that these six checks had been stolen and forged by one Jesse McRae a.k.a. Malcolm or Milton White, a temporary employee in Tilcon's accounting department who had been referred to Tilcon by Unitemp on July 15, 1997.
The Third-Party Complaint alleges in pertinent part:
 8. Upon information and belief, Mr. White was an illegal alien who was ineligible for employment in the United States, was using a false name and identity, and had been convicted of drug-related criminal offenses and other felonies.
 10. During Mr. White's assignment at Tilcon NY, Unitemp, acquired actual knowledge that Mr. White had lied to supervisors and otherwise demonstrated dishonest propensities.
 11. Unitemp breached its duties to properly and adequately investigate, determine, and communicate the correct identity, alienage status, employment eligibility, competence, and history of and propensity for criminal, fraudulent, or otherwise wrongful conduct of the persons whom it holds out CT Page 7071 and refers as temporary employees, and to prevent foreseeable loss to its customers and third persons, by failing to conduct a reasonable investigation of Mr. White's background, by failing to notify Tilcon NY' of that background or of Unitemp's failure to conduct such an investigation, and by failing to withdraw Mr. White from Tilcon N.Y. after acquiring actual knowledge of his dishonest propensities.
First Union also alleges that it has incurred damages and losses, including, but not limited to, costs and attorneys' fees associated with defending this action and "potential liability herein."
Discussion of Law and Ruling
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 10-39; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Lijedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990); Blancato v. Feldspar Corp., 203 Conn. 34, 36,522 A.2d 1235 (1987).
The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. Dennison v. Klotz,12 Conn. App. 570, 577, 532 A.2d 1311 (1987). In ruling on a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the manner most favorable to the pleader. Norwich v. Silverberg, 200 Conn. 367, 370,511 A.2d 336 (1986).
Discussion of the Law and Ruling
Unitemp has moved to strike the First Count on the grounds that it owed no duty to First Union as a matter of law because the harm suffered by First Union was not reasonably foreseeable. Unitemp correctly argues that the elements of a cause of action in negligence are duty, breach of that duty, causation and actual injury. RK Constructors, Inc. v. FuscoCorporation, 231 Conn. 381, 384, 650 A.2d 153 (1994). Whether a defendant owed a duty to the plaintiff is an appropriate issue for a motion to strike, because it is a question of law to be decided by the court.Gordon v. Bridgeport Housing Auth., 208 Conn. 161, 171, 544 A.2d 1185
(1988). CT Page 7072
According to the Connecticut Supreme Court, the test for determining whether a duty of care exists involves a two prong inquiry:
 (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate the harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case.
Lodge v. Arrett Sales Corp., 256 Conn. 563, 572, 717 A.2d 215 (1998). Therefore, a conclusion that the harm was foreseeable does not end the inquiry. RK Constructors, Inc. v. Fusco Corp., supra, at 386. "Many harms are quite literally "foreseeable," yet for pragmatic reasons no recovery is allowed . . . A further inquiry must be made, for we recognize that duty is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection." Id.
Unitemp argues that it may be literally foreseeable that a temporary employee would steal checks and use forged signatures to attempt to cash them, but it is not legally foreseeable. The court does not agree. It is reasonably foreseeable to a temporary employment agency that a temporary employee with a record of felony convictions who is placed in an accounting department may forge checks, thereby causing ultimate injury to the employer's bank. The First Count does not fail to state a cause of action with respect to the element of duty. However, insofar as it seeks to recover from Unitemp for "potential liability," it does fail to state a cause of action in that does not allege an "actual injury." See RKConstructors, Inc. v. Fusco Corporation, supra. Until Tilcon recovers against First Union, if it does, then the only loss suffered by First union are its defense costs.[1] Therefore, the First Count is ordered stricken insofar as it seeks to recover anything other than attorneys fees and costs of defense.
Count Two and Four incorporate the allegations of Count One and then add one additional sentence which alleges: "The above constitutes negligent hiring [supervision], for which First Union seeks damages." These Counts do nothing more than restate the allegations of negligent hiring and negligent supervision[2] present in Count One. Count Two and Count Four are ordered stricken because they do not allege any cause of action separate or distinct from than that already alleged in Count One. CT Page 7073
In Count Three, First Union attempts to state a claim for negligent entrustment. A cause of action for negligent entrustment was recognized by the Connecticut Supreme Court in Greeley v. Cunningham, 116 Conn. 515,520, 165 A. 678 (1933), which stated:
 When the evidence proves that the owner of an automobile knows or ought reasonably to know that one to whom he entrusts it is so incompetent to operate it upon the highways that the former ought reasonably to anticipate the likelihood of injury to others by reason of that incompetence, and such incompetence does result in such injury, a basis of recovery by the person is established. That recovery rests primarily upon the negligence of the owner in intrusting the automobile to the incompetent driver.
The fundamental characteristic, then, of this cause of action is that a chattel is entrusted to someone who uses it to harm himself or a third party. First Union fails to allege the entrustment by Unitemp of a chattel. The gravamen of its claim is that Unitemp was negligent in referring Mr. White, a person, not a chattel, to Tilcon. Therefore, this Count fails to state a valid cause of action and is ordered stricken.
Count Five alleges a cause of action for indemnification. Usually, there is no right of indemnity between joint tortfeasors. Skuzinski v.Bouchard Fuels, Inc., 240 Conn. 694, 697, 694 A.2d 788 (1997). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65,74, 579 A.2d 26 (1990). "If a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence' of the party against whom reimbursement is sought. Id.
The party seeking indemnification must establish the following four elements, in order to recover:
 (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other CT Page 7074 tortfeasor not to be negligent.
Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698, 535 A.2d 357 (1988).
Unitempt argues that First Union has failed to plead one of these essential elements because it has failed to plead that Unitemp was "in control of the situation to the exclusion of the plaintiff." In a ruling on a motion to strike the court must make every reasonable inference in favor of the non-moving party. If "the situation" at issue here is deemed to be checking the background of an employee before placement, then the Third-Party Complaint inferentially alleges that Unitemp was in control of the situation to the exclusion of First Union. First Union had no contact whatsoever with Mr. White prior to his employment with Tilcon. Therefore, the Motion to Strike Count Five is denied.
In Count Six, entitled "Contribution," First Union repeats the allegations it made in its Count One, the negligence count. It also adds an additional paragraph, which states, "First Union seeks contribution from Unitemp for damages and costs, plus interest, which were and continue to be incurred by First Union as a result of the acts and omissions alleged above and any liability imposed against First Union in this action.
At common law, there is no right of contribution between joint tortfeasors. Kyrtatas v. Stop Shop, Inc., supra at 697. However, Connecticut General Statutes § 52-572h provides for such a right in negligence actions, but only after judgment. Section 52-572h (h)(1) states that "a right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment." Subsection (g) sets forth the scheme whereby, after judgment in a negligence case, any uncollectible noneconomic damages are reallocated among the other defendants. "The defendant whose liability is reallocated is nonetheless subject to contribution pursuant to subsection (h) of this section and to any continuing liability to the claimant on the judgment."
Several superior courts, in interpreting this statute, have stated:
 The right of contribution arises only after: (1) the claimant has gone to final judgment, (2) the claimant has failed to collect on one or more liable defendants after making good faith effort to do so, (3) the claimant has moved to open the judgment within one year after it becomes final for purposes of reallocation, (4) a reallocation is made by the court, and (5) a defendant is actually required to pay CT Page 7075 an amount in excess of his share of the original judgment.
South Beach Beverage Co., L.L.C. v. Elite Beverage, Inc., 1998 Conn. Super. LEXIS 2039 (July 16, 1998, Nadeau, J.) The statute goes on to provide, in part, that" . . . Where one tortfeasor is entitled to indemnity from another, the right of the indemnitee is for indemnity and not contribution, and the indemnitor is not entitled to contribution from the indemnitee for any portion of his indemnity obligation. Connecticut General Statutes § 52-572h (j).
Accordingly, First Union's claim for contribution from Unitemp is premature and legally insufficient. "Since this case has not reached a final judgment, the third-party [plaintiff] has not stated a legally sufficient cause of action for contribution at this time." Simon v. My Bread Baking Co., 1999 Conn. Super. LEXIS 2761 (October 14, 1999, D'Andrea, J.) See also Long v. McDonald's Corporation, 1998 Conn. Super. LEXIS 2547 (Sept. 11, 1998, Moran, J.) (granting third-party defendant's motion to strike contribution claim which was made prior to judgment) andSouth Beach Beverage Co., L.L.C v. Elite Beverage, Inc., 1998 Conn. Super. LEXIS 2039 (July 16, 1998, Nadeau, J.) (granting third party defendant's motion to strike contribution claim which was made prior to judgment).
In summary, Counts Two, Three, Four, and Six are ordered stricken. Insofar as Count One seeks to recover for "potential liability," it is premature and is ordered stricken. The Motion to Strike is denied with respect to Count Five.
 By the court, Aurigemma, J.